# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRED E. and NANCY A EVANS, ) | |
| ) | |
| RANDY W. and DEBRA J. FROEBE, ) | |
| ) | |
| GENEVA GRUBBS, ) | |
| ) | |
| NORMA LOU HALL, ) | |
| ) | |
| SHIRLEY HENDRICKS, ) | |
| ) | |
| DAVID and GAIL HOUSER, ) | |
| ) | |
| PATRICK J. O'BRYAN, TRUSTEE OF THE ) | |
| PATRICK J. O'BRYAN REVOCABLE ) | |
| LIVING TRUST UNDER AGREEMENT ) | CIVIL ACTION |
| DATED 9/7/2001, ) | |
| ) | No. 09-2096-KHV |
| LESTER ROARK, ) | |
| ) | |
| DONALD LEE ROPER, II, ) | |
| ) | |
| B. LORENE SOPER, and ) | |
| ) | |
| For Themselves and As Representatives of a ) | |
| Class of Similarly Situated Persons, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiffs, citizens of Kansas, bring this class action pursuant to the Fifth Amendment of the United States Constitution and the Tucker Act, 28 U.S.C § 1491 (a)(1), seeking "just compensation" for the value of property which the federal government took from them through operation of the

Trails Act, 16 U.S.C. § 1247(d).[1]  This matter is before the Court on Defendant's Motion To Dismiss Plaintiffs' Complaint For Lack Of Jurisdiction (Doc. #5) filed August 11, 2009 and Plaintiffs' Motion To Stay (Doc. #8) filed August 14, 2009.  Defendant asserts that this case should be dismissed because plaintiffs did not file their claims within the applicable six-year limitations period.  The Court finds that plaintiffs' claims are time barred and for the reasons stated herein, grants defendant's motion to dismiss.

**Legal Standard**

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible and not merely conceivable on its face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiffs bear the burden to frame their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough for them to make threadbare recitals of a cause of action accompanied by mere conclusory statements.

---

[1]  The Tucker Act is often divided into two parts, the Little Tucker Act and Big Tucker Act.  The Big Tucker Act, 28 U.S.C. § 1491, grants exclusive jurisdiction to the Court of Federal Claims over money claims against the United States where more than $10,000 is at stake.  See Briggs v. U.S., 564 F. Supp.2d 1087, 1091 n. 3 (N.D. Cal. 2008).  The Little Tucker Act, 28 U.S.C. § 1346(a)(2), applies to money claims not exceeding $10,000.  Id.  For these claims, district courts have concurrent jurisdiction with the Court of Federal Claims.  Id.

Twombly, 550 U.S. at 556. Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiffs must show more than a sheer possibility that a defendant has acted unlawfully, it is not enough to plead facts that are "merely consistent" with liability. Id. (citing Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. at 1949. Similarly, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged but not "shown" that the pleader is entitled to relief. Id. at 1950.

**Factual Background**

In 1876, the Memphis, Carthage and Northwestern Railroad Company and the Missouri and Western Railway Company (predecessors of the Burlington Northern and Sante Fe Railway) constructed a railroad on a 28.25-mile right-of-way from Columbus, in Cherokee County, Kansas, to Carthage, in Jasper County, Missouri. On May 3, 2002, the Burlington Northern and Sante Fe Railway ("BNSF") filed a notice with the Surface Transportation Board ("STB") seeking authority to abandon and discontinue service over the 28.25 miles of rail line between milepost 343.55 in Columbus, Kansas, and milepost 315.30 in Carthage. On May 10, 2002, the City of Carl Junction and the Joplin Trail Coalition ("JTC") filed a joint request for the issuance of a Notice of Interim Trail Use ("NITU") for the segment of the right-of-way located between milepost 331.23 at the Missouri state line and milepost 315.30 near Carthage, a distance of 15.93 miles. On May 20, 2002, the JTC filed a request for the issuance of a NITU for the 12.32 mile portion of the right-of-way in Kansas.

BNSF did not object to JTC's request for the issuance of a NITU, and on June 21, 2002, the STB issued a decision and NITU for the entire 28.25-mile right-of-way. On June 16, 2003, BNSF and JTC reached a rail-banking and interim trail use agreement for the segment of the right-of-way located in Missouri. BNSF notified the STB that "[t]he remainder of the right of way has been salvaged and BNSF's discontinuance of the subject line will be consummated on October 31, 2003." In its filings with the STB, BNSF later clarified that the Kansas segment of the right-of-way had been salvaged and fully abandoned. Its discontinuance of the line for the properties in the State of Missouri and the abandonment of the properties in the State of Kansas was therefore consummated as of October 31, 2003.

Previously, BNSF had only held an easement to use the land to operate a railroad. When it abandoned the rail line, Missouri and Kansas law extinguished the railroad easement. Under Missouri and Kansas law, plaintiffs therefore owned a fee simple interest in the land – unencumbered by any easement, whether for a railroad or for public recreational use.

**Procedural Background**

On June 12, 2008, nine days before the expiration of the six-year statute of limitations prescribed by 28 U.S.C. § 2501, Earleen Fauvergue filed a timely complaint against the United States in the Court of Federal Claims. She alleged a taking of her property and sought to represent an opt-in class of similarly situated landowners in Cherokee County, Kansas and Jasper County, Missouri.[2] Fauvergue acknowledged that she was seeking class certification to eliminate any

---

[2] 28 U.S.C. § 2501 provides in pertinent part as follows:

Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within

(continued...)

-4-

potential problems raised by the impeding statute of limitations. The six-year limitations period under 28 U.S.C. § 2501 expired on June 21, 2008. At that time, Fauvergue was the sole named plaintiff and no other plaintiff had opted in to her class action. On September 12, 2008, plaintiff moved to amend her complaint and add 15 newly named plaintiffs. On October 31, 2008, the United States filed its opposition to plaintiff's motion to amend and sought to dismiss the additional plaintiffs. Defendant argued that the class action complaint did not toll the statute of limitations as to putative class members who had failed to file their claims within six years of the date on which those claims accrued.

On December 11, 2008, the Court of Federal Claims granted plaintiffs' motion to amend the complaint but indicated that it would separately decide the limitations issue in the context of plaintiffs' motion for class certification. Fauvergue v. U.S., 85 Fed. Cl. 50, 51 (2008). On February 24, 2009, under the applicable statute of limitations, the Court of Federal Claims dismissed as time barred the claims of all Fauvergue plaintiffs except for Earleen Fauvergue. Fauvergue v. United States, 86 Fed. Cl. 82 (2009). The Court of Federal Claims explained that in John R. Sand & Gravel Co. v. United States, 552 U.S. 130 (2008), the Supreme Court held that the six-year statute of limitations was jurisdictional in nature and more absolute and rigid than other statutes of limitation. 86 Fed. Cl. at 93. The Court of Federal Claims further held that Rule 23 of the Court of Federal Claims, which allows it to certify opt-in class actions under certain conditions, was not statutory and therefore could not be applied to expand or limit "the jurisdiction established by a mandatory statute

---

[2](...continued)
    six years after such claim first accrues.

A nearly identical statute, 28 U.S.C. § 2401, applies to takings claims when a plaintiff chooses the district courts as her forum rather than the Court of Federal Claims.

of limitations such as 28 U.S.C. § 2501." 86 Fed. Cl. at 94. Accordingly, the Court of Federal Claims held that the waiver of sovereign immunity contained in Section 2501 could not be tolled equitably or statutorily for members of an opt-in class. Id.

On February 27, 2009, the Court of Federal Claims entered final judgment as to the claims of the dismissed plaintiffs. That same day, 13 of the dismissed plaintiffs filed a notice of appeal which is presently pending before the Federal Circuit. They also filed the class action complaint in this case. See Complaint - Class Action (Doc. #1). The remaining dismissed plaintiffs, who allege a taking of the right-of-way located in Jasper County, Missouri, filed a separate complaint in Bright v. United States, 09-5014-CV-SW-JCE (W.D. Mo.). On August 11, 2009, defendant filed its motion to dismiss in this case. See Defendant's Motion To Dismiss Plaintiff's [Sic] Complaint For Lack Of Jurisdiction (Doc. #5). On August 14, 2009, plaintiffs filed their motion to stay the case pending a final decision in Fauvergue. See Plaintiffs' Motion To Stay (Doc. #8).[3]

## **Analysis**

Defendant argues that plaintiffs' claims accrued on June 21, 2002, and that they did not file those claims within the six-year limitations period. Defendant also argues that plaintiffs did not toll

---

[3] Plaintiffs seek to stay this case pending a final decision in Fauvergue because (1) if the Federal Circuit reverses Fauvergue, that case will be remanded and plaintiffs will be able to seek redress of their claims in that case or (2) if the Federal Circuit affirms, the decision will likely clarify whether American Pipe class-action "tolling" is allowed in district court under Section 2401 but not in the Court of Federal Claims under the identically written Section 2501. See American Pipe v. Utah, 414 U.S. 538 (1974). Plaintiffs contend that "[a] resolution of this issue will guide this Court in responding to the Government's contention here that § 2401 is to be interpreted in the same manner as Judge Miller interpreted § 2501 in the CFC." See Plaintiffs' Motion To Stay (Doc. #8) filed August 14, 2009; see also Plaintiffs' Response To Defendant's Motion To Dismiss (Doc. #20) filed December 30, 2009 at 7.

The Court sees no reason to stay these proceedings. The issues are straight-forward and an appeal of this decision may equally clarify the law with regard to Section 2401.

the six-year statute of limitations by first filing their claims in the Court of Federal Claims. Plaintiffs respond that their claims in this Court are timely because they were timely filed in the Court of Federal Claims and under American Pipe, the initial filing tolled the statute of limitations.

A Trails Act taking of an owner's reversionary right in his or her property occurs when the STB issues the NITU. See Caldwell v. United States, 391 F.3d 1226 (Fed. Cir. 2004); Barclay v. United States, 443 F.3d 1368 (Fed. Cir. 2006). This single event – the STB issuance of the NITU – is common to all affected landowners and is the "single trigger" upon which the federal government's obligation to pay "just compensation" becomes fixed. Caldwell, 391 U.S. at 1234. Here, the taking occurred on June 21, 2002. The controlling statute of limitations for filing a claim in district court under the Little Tucker Act is 28 U.S.C. § 2401.[4] As stated above, Section 2401 provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The statute of limitations for plaintiffs' claims in this Court therefore ran on June 21, 2008. Plaintiffs filed their claims in this Court on February 27, 2009, more than eight months after the statute had run.

## Tolling

Generally, the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974). This rule permits class members to file individual lawsuits, either separately or as intervenors in the putative

---

[4] 28 U.S.C. §2401 provides in part as follows:

. . . every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

class action, after class certification is denied. See Catholic Soc. Serv., Inc. v. Immigration & Naturalization Serv., 232 F.3d 1139, 1147 (9th Cir. 2000) (en banc). Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. See Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983). At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action. Id. The tolling rule established under American Pipe and Crown, Cork & Seal does not, however, allow the filing of a subsequent class action when certification of a class has been denied in an earlier suit. Reed v. State Farm Mut. Auto. Ins. Co., No. 07-2123-REB-KLM, 2008 U.S. Dist. LEXIS 48504, at *7-8 (D. Colo. June 17, 2008). The federal courts that have considered the issue have unanimously agreed that allowing tolling as to the class claims would undermine the policy considerations of the American Pipe rule and would invite abuse of the judicial process. Id.; see also Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir.), cert. denied, 525 U.S. 870 (1998); Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994), cert. denied, 513 U.S. 1077 (1995); Andrews v. Orr, 851 F.2d 146, 149 (6th Cir. 1988); Korwek v. Hunt, 827 F.2d 874, 879 (2d Cir. 1987); Robbin v. Fluor Corp., 835 F.2d 213, 214 (9th Cir. 1987); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir. 1985), cert. denied, 475 U.S. 1035 (1986). A narrow exception to this rule occurs when the district court denies class certification because of inadequacy of the class representatives. See Yang v. Odom, 392 F.3d 97, 108 (3d Cir. 2004). This exception does not apply when the district court has denied class certification because of an overall class defect. Id.

Here, the Court of Federal Claims denied class certification because all claims of the Fauvergue plaintiffs, except for those of Earleen Fauvergue, were time-barred under the six-year statute of limitations proscribed by Section 2501. This jurisdictional defect in their claims is not

analogous to the defects which led to denial of class certification in American Pipe, Crown Cork & Seal or Yang and allowed for tolling of the applicable statute of limitations. The defects in those cases concerned numerosity of the class (American Pipe), an intervenor's right to join an already certified class action (Crown Cork & Seal) and inadequacy of the class representative (Yang). Here, as noted, the Court of Federal Claims denied class certification because plaintiffs' claims were time-barred. Plaintiffs, who were individually time barred from suing under Section 2501 in the Court of Federal Claims, seek to proceed on identical claims in district court in the face of an identical statute of limitations, Section 2401. The Court is not aware of any precedent which would permit such proceedings. Plaintiffs filed their claims in this Court more than eight months after the statute of limitations had run and the filing of plaintiffs' claims in the Court of Federal Claims did not toll the running of the limitations period prescribed by Section 2401. The Court therefore dismisses plaintiffs' claims as time-barred.

**IT THEREFORE ORDERED** that Defendant's Motion To Dismiss Plaintiff's Complaint For Lack Of Jurisdiction (Doc. #5) filed August 11, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion To Stay (Doc. #8) field August 14, 2009 be and hereby is **OVERRULED**.

Dated this 17th day of February, 2010 at Kansas City, Kansas.

            s/ Kathryn H. Vratil
            KATHRYN H. VRATIL
            United States District Judge